Draper vs. Mackey.

---

## DRAPER VS. MACKEY.

1. INJUNCTION : *Nuisance: Obstructing public road.*
   The obstruction of a public road leading to one's ferry is a public nuisance, and an injury to him; and he has the right to an injunction against the continuance of the nuisance, and to have it removed.

2. PUBLIC ROAD : *Right of land-owner to obstruct : Compensation.*
   The owner of land through which a public road has been laid out, has no right to obstruct it, though no compensation has been made to him. He should have resisted the application for it in the county court, or resorted to proper means to have it vacated; and the facts that the land through which the road was made, including one of the ferry landings, belonged to him, that no compensation had been made to him, and that the owner of the ferry had afterwards changed the location of the ferry, and cut a road from it through the defendant's land to the new public road, did not constitute any defense or counter-claim to the suit for injunction to remove the obstruction.

APPEAL from *Clark* Circuit Court in Chancery.

Hon. A. B. STUART, Circuit Judge.

*Doby*, for appellant.

*Coleman*, contra.

HARRISON, J. This was a suit in equity by James W. Mackey against Laura Draper, to enjoin the defendant from obstructing a public road leading to the plaintiff's ferry, and to require her to remove a fence she had built across the road.

The complaint, which was filed on the twenty-fifth day of October, 1878, was in substance, that the road, which is from the lower end of the Johnston field to the Camden and Princeton road, near the Draper place, and crosses the Ouachita river at the Draper place, was laid out and opened as a public road in pursuance of an order of the county court, made at the January term, 1877; that the court, at the same term, granted to the plaintiff the privilege of keeping a public ferry on the river where the road crosses the same, and a license was, and had been since, regularly granted him; and the defendant, in 1878, by written notices put up in three public places in the vicinity, declared her intention of closing the road; and she had, thereafter, in the month of October, actually built a fence across it, thereby stopping the travel on the road, to the injury and detriment of the plaintiff.

Certified copies of the orders of the county court, in relation to the laying out and opening of the road and the establishing of the ferry, were filed as exhibits with the complaint.

The defendant, in her answer, denied none of the allegations of the complaint, but averred that the proceedings of the county court in the matter of the road were not in conformity with the provisions of the statute, but in what particular or respect was not stated; that the landing of the ferry on the east side of the river, and the land through which the road runs from the river on that side to the intersection with the Camden and Princeton road, belonged to the estate of James Draper, deceased, of which she was administratrix, and no compensation had been made therefor; and that the plaintiff had moved the landing of his ferry to another place on the land, about one hundred yards from the crossing of the road, from which to the public

road he had opened a new road, and through the land of said estate.

And she made her answer a counter-claim, and prayed that the road laid out and established by the county court be vacated.

The cause was heard upon the complaint, exhibits and answer, and the court enjoined the defendant from obstructing or closing the road, and ordered the removal of the fence built across it, and dismissed her counter-claim. The defendant appealed.

The pleadings are very vague and defective, but a cause of action is set forth in the complaint.

The obstruction of the public road leading to the plaintiff's ferry was a public nuisance and an injury to him specially; and his right to an injunction against the continuance of such nuisance is unquestionable. *2 Sto. Eq. Jur., sec. 924, (a); High on Inj., secs. 521, 522.*

And an injunction to remove a nuisance may be granted. *Bisp. Eq., sec. 400.*

If the defendant had been opposed to opening the road through the land, she should have resisted the application for it in the county court, or, if aggrieved by it, may resort to proper means to have it vacated; but she certainly has not now, though no compensation has been made, the right to obstruct it.

The fact that the plaintiff had changed the landing and opened a new road from it, of which there was no proof, if a cause of action against him, was no defense to this suit, nor did it and the other matters alleged in the answer constitute a ground of counter-claim against the plaintiff.

The decree is affirmed.