## LONOKE COUNTY v. CARLLEE.

Opinion delivered March 20, 1911.

CERTIORARI—IRREGULARITY IN ESTABLISHING ROAD.—A judgment of the county court establishing a public road, under Kirby's Digest, ch. 58, cannot be set aside on certiorari because the owners of the land taken

for the road had no notice of the meeting of the viewers appointed by the court to lay out the road, and because the viewers met on a day prior to the day designated by the court for them to meet.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*Thomas C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellant.

All things necessary to confer jurisdiction upon the county court were done in accordance with the statute. Kirby's Dig. § § 2992-3-4-5, 7226, 7229. The fact that the viewers met on a different day from that named in the appointment did not divest the court of jurisdiction, nor render its judgment void. If appellees were aggrieved, their remedy was by appeal and not by certiorari. 61 Ark. 295; 43 Ark. 33; 44 Ark. 5, 13 and cases cited; 52 Ark. 213; 47 Ark. 441.

*George M. Chapline,* for appellees.

The remedy was by certiorari since appellees were never parties to the proceedings and had no notice of the judgment of the county court until after the right to be made parties to the proceedings and after their right of appeal was lost. 69 Ark. 587.

WOOD, J. Can the judgment of the county court establishing a public road, under chapter 58, Kirby's Digest, be set aside by certiorari, because the owners of the land taken for the public highway did not have notice of the meeting of the viewers appointed by the court to lay out the road, and because the viewers met on a day prior to the day designated by the court for them to meet? The question is answered through Chief Justice COCK-RILL in *Howard v. State,* 47 Ark. 431, 441: "The landowner can not be said to be deprived of his rights to be heard by the want of notice of the viewers' meeting. The assessment of damages by the viewers is not of itself binding upon him. It requires the judgment of the county court to give it any force or validity. It is made the duty of the court to see that the award of damages is just to the public and the individual, and the landowner, who is a party by virtue of the publication, is thus afforded his day in court, regardless of the report of the viewers." In the instant case notice by publication was duly given as required by the statute, section 2995, Kirby's Digest. This gave the county court

jurisdiction.   The errors of which appellees complain were mere irregularities in the exercise of jurisdiction which could and should have been corrected on appeal. *Pettigrew* v. *Washington County,* 43 Ark. 33; Ex parte *Pearce,* 44 Ark. 513; *Burgett* v. *Apperson,* 52 Ark. 213; *Aven* v. *Wilson,* 61 Ark. 287. Such errors were so corrected in *Beck* v. *Biggers,* 66 Ark. 293, and cases cited by appellees. In *Grinstead* v. *Wilson,* 69 Ark. 590, there was no notice by publication or otherwise. Hence the county court had no jurisdiction. The other case of *Roberts* v. *Williams,* 15 Ark. 43, cited and relied on by appellees, is referred to in *Howard* v. *State, supra.*

The judgment is therefore reversed with directions to enter a judgment reinstating the judgment of the county court.