CAIN *v.* LITTRELL.

4-6351                                                150 S. W. 2d 630

Opinion delivered May 5, 1941.

*John W. Nance* and *Earl C. Blansett,* for appellant.

*J. E. Simpson,* for appellee.

McHANEY, J. This case originated in the county court of Madison county, where appellees petitioned said court for an order establishing or changing the route of a county road between the villages of Purdy and Marble, in said county. The order was granted establishing the road, a portion of which passes over the land of appellee Littrell, and this portion has already been constructed, and a portion over the land of appellants. An appeal was prosecuted to the circuit court, where the cause was submitted, taken under advisement, and an independent investigation was made by the judge in the way of a view of the route, and it was found by the court that the proposed road was necessary and convenient as a public road. Judgment was accordingly entered, and

judgment was also entered against the petitioners for the costs and damages, of which they make no complaint.

The first contention for a reversal of this judgment is that the proceedings of the viewers are not valid and binding; that they were directed by the order of the county court to view and lay out the proposed road from a junction with the Marble-Purdy road to its connection with State Highway No. 68, a distance of nearly two miles, which they did not do, but viewed and laid out only that part of the road to be located on the lands of appellants. We think they are wrong in this, as the old road and the proposed road had been previously viewed and laid out by the same viewers, and the road established by the county court on that report and a major portion thereof actually constructed. The description employed by the viewers was the surveyor's description of the previously constructed road, except the portion across the land of appellants.

It is said that the report of the viewers is void, because it was changed by someone by attaching the surveyor's description of the route of the road instead of the description thereof made by the viewers themselves. The viewer who testified that the surveyor's description was not in the report when it was signed also said the report does describe the proposed route which they laid out. This does not make it fraudulent or void as it is not disputed that the report of the viewers properly describes the route they recommended to the court.

It is next argued that no sufficient notice was given appellants of the meeting of the viewers. Section 6948 of Pope's Digest provides: ''The county court shall issue its order directing said viewers to proceed on a day to be named in said order, or on failing to meet on said day, within five days thereafter.'' And § 6949 provides that one of the petitioners shall give at least five days' notice in writing to the landowners affected of the time and place of the meeting. A copy of the order of the county court appointing the viewers was mailed to appellants. We think this a substantial compliance with the statute, but even if it were not, failure to give any

notice would not be fatal, or render the order void. It was so held in *Howard* v. *State*, 47 Ark. 431, 2 S. W. 331, and in *Lonoke County* v. *Carl Lee*, 98 Ark. 345, 135 S. W. 833. In the latter case the court quoted from the former as follows: "The landowner cannot be said to be deprived of his rights to be heard by the want of notice of the viewers' meeting. The assessment of damages by the viewers is not of itself binding upon him. It requires the judgment of the county court to give it any force or validity. It is made the duty of the court to see that the award of damages is just to the public and the individual, and the landowner, who is a party by virtue of the publication, is thus afforded his day in court, regardless of the report of the viewers."

Finally it is insisted that the trial judge committed error in making a personal view of the proposed road, its convenience and necessity, and that it was error to render judgment against the petitioners and to deny appellants the right to recover damages against the county. As to the judge's visitation, we think he had the right to do so, both sides being present in person or by counsel, or having the opportunity to be present. The evidence adduced in court was sufficient to support the court's finding of public convenience and necessity, and the visitation of the judge did not deprive appellants of any substantial right. As to the judgment against appellees instead of the county, appellees say the court did render judgment against the county, but because of a clerical error the record does not show it. If this be true appellants may, if they are so advised, have the judgment corrected *nunc pro tunc*. Appellees are not complaining of the judgment against them, and if they do not pay, or are unwilling to do so, under the provisions of § 6953 of Pope's Digest, the court might declare such road not a public highway, and adjudge all costs against the petitioners.

Affirmed.

SMITH and HUMPHREYS, JJ., dissent.

SMITH, J., (dissenting). It clearly appears that appellee, James Littrell, is the moving petitioner in the establishment of this road. He first filed a petition for a private road, which was granted; but he refused to pay the damages awarded appellants, and he then proceeded to have a public road established. That order was made, and from that order comes this appeal. The damages were again assessed against petitioners, of which action the majority opinion says petitioners make no complaint.

But can we say petitioners will not complain when an attempt is made to enforce payment of the judgment? The statute (§ 6953, Pope's Digest) provides that the county court, on receiving the report of the viewers, shall, if satisfied that the road, or any part thereof, will be of sufficient importance to the public to cause the assessed damages to be paid by the county, order the same to be paid to the person or persons entitled thereto from the county treasury, and thenceforth the road shall be considered a public road; but if the court finds that the proposed road is not of sufficient public utility for the county to pay the compensation, and petitioners refuse to pay the damages, then the road shall not be declared a public highway.

Appellants' lands have been condemned for a public road, but no order was made to pay the damages out of the county treasury, as the law requires, the damages being assessed against the petitioners. The landowners have a judgment, which the petitioners may or may not be able to pay, or which the petitioners may or may not be willing to pay, but in any event a judgment has been rendered which was unauthorized by law. Section 6953, Pope's Digest, clearly provides that if the court finds that the proposed road is of sufficient importance to the public to cause the damages assessed by the viewers to be paid by the county, the court, in declaring the road a public road, must order the damages paid out of the county treasury. On the other hand, if the court finds that the road is not of sufficient utility for the county to pay the damages, and petitioners refuse to pay them,

the road shall not be declared a public highway. Here, it is not contended that petitioners have paid the damages, or offered to do so, yet the road has been declared a public highway.

Based upon the case of *Draper* v. *Mackey,* 35 Ark. 497, the digester has this note to § 6953, Pope's Digest: "The owner of land through which a public road has been laid out has no right to obstruct it, though no compensation has been made to him. He should have resisted the application for it in the county court, or resorted to proper means to have it vacated."

Here, the landowner did resist the application, both in the county court and in the circuit court on appeal, and he has, in my opinion, by his appeal to this court, taken the proper action to have this order vacated.

Appellees say, as the majority opinion recites, that the county court did render judgment against the county, and that the landowners may have the judgment from which is this appeal corrected, by a *nunc pro tunc* order, to show that fact. This may or may not be true. The landowners may or may not be able to obtain the entry of that judgment *nunc pro tunc.* But in any event we should try this case upon the record before us, and not upon a supposititious record which may or may not be made. Petitioners are not asking the establishment of a private road, for which the law provides. Littrell had that order, but did not avail himself of it by paying the damages. Apparently, he wanted a road without any one paying damages. The county court did not order the damages paid out of the county treasury, and the record before us does not show that the circuit court, on the appeal, made any such order, and it is not contended that either court made an order for the establishment of the road conditional upon the payment of the damages. The road has been established, and a judgment rendered for the damages, which may or may not be paid.

I do not understand that the law contemplates this procedure and that lands may be taken in this manner, and I, therefore, dissent, and am authorized to say that Justice HUMPHREYS concurs in the views here expressed.