M. V. HATCHETT ET UX *v.* EDWARD A. CURRIER JR. ET AL

5-5399                                        461 S. W. 2d 934

Opinion delivered January 18, 1971

*Dorothy Dixon Hatchett,* for appellants.

*John B. Driver,* for appellees.

CONLEY BYRD, Justice. Appellants M. V. Hatchett and Dorothy Dixon Hatchett brought this action to enjoin obstruction of a public road by appellees Edward A. Currier, Jr. and Nell Currier, his wife, through their tenants, appellees Lloyd D. South and Mrs. South. Appellees Andrew J. Galbraith and Reva W. Galbraith, his wife, were made parties because they are the vendors in a contract of sale to the Curriers. The trial court found that the easement on, and the right of appellants and the public to use, the old public road along Archey Creek across the Currier's land still exist. However, he permitted the Curriers and their tenants to maintain as many as three gates on the road, two to be kept closed at all times but not locked, and enjoined upon the appellants the duty to close the gates and instruct others to do so. The trial court dismissed the cause as to the Galbraiths, assessed the costs incident to them against appellants and denied any damages against the Curriers and Souths for obstructing the road. For reversal appellants contend that the trial court erred in allowing appellees to maintain gates on the road without compliance with Ark. Stat. Ann. § 41-2102 (Repl. 1964); in requiring appellants to close two of the gates and to instruct others to do likewise; in failing to grant a mandatory injunction requiring restoration of the road that was plowed up; in denying damages to appellants; and in assessing the costs incident to the Galbraiths against appellants.

The proof here shows that the county court on Oct. 4, 1904, set up road districts according to political townships and designated Hartsuggs Township as district No. 12. On Oct. 31, 1904, J. M. Firestone was approved as overseer of Hartsuggs Township and the road in question was classified as a first class road in district No. 12, Hartsuggs Township. A number of witnesses past 70 years of age testified as to the use of the road as a mail route and by the public from the time of memory until approximately two years before trial. Such evidence certainly supports the chancellor's findings that the road in question was a public road. See *Howard* v. *State*, 47 Ark. 431, 2 S. W. 331 (1886). We

point this out because the appellees take the position that the chancellor gave appellants more relief than they were entitled to even though no cross-appeal was taken from the trial court's finding of the public nature of the road.

Appellants point out that pursuant to Act 662 of 1923 (Ark. Stat. Ann. § 41-2102), it is made unlawful for any person to erect or maintain a gate across a public highway unless provisions be made for the passage of automobiles and trucks without the necessity of opening a gate. In *Massee* v. *Schiller*, 243 Ark. 572, 420 S. W. 2d 839 (1967), we made the same requirement with respect to an easement acquired by adverse possession. Insofar as the trial court's decree did not require construction of cattle guards to permit the passage of automobiles or trucks without opening the gates, we hold that it was in error. Since cattle guards will obviously give appellants the relief they seek, we can find nothing objectional about requiring them to close the gates to the side of the cattle guards and instructing others to close such gates on those occasions when they have reason to by-pass the cattle guards.

The only evidence in the record about the portion of the road that was plowed up is that before it was plowed up it constituted two tracks across an open field. According to the record, that area is planted in an improved pasture such as fescue. Under these circumstances we can find no abuse of discretion in failing to require the appellees to restore the plowed up portion of the road because appellants can still drive over that portion as easily as before.

The record shows that Mr. and Mrs. Andrew J. Galbraith were made parties only because title to the property was still in their names. The Galbraiths had nothing to do with closing the road or obstructing the passage of appellants and the public. Under our long established rule, see *Jones* v. *Graham*, 36 Ark. 383 (1880), that in equity the burden of costs is always subject to the discretion of the chancellor and does not

necessarily fall upon the prevailing party, we find no error in the trial court's refusal to assess costs against the Galbraiths.

The issue of damages against the Curriers and the Souths actually gets down to nominal damages, because no monetary damages were shown. The proof does show however that the Curriers, through their tenants, the Souths, denied appellants free access to their property from June 1968 to the date of the trial. Under such circumstances some damages are always presumed to follow from the violations of any right. Therefore the law will in such cases award nominal damages if none greater be proved. Under the circumstances we hold the trial court should award nominal damages in the amount of $50.00.

Reversed and remanded with directions to enter a decree consistent herewith.