The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following situation:
 For the past seven years, the public has been reaching the Corps of Engineers stream by crossing private property. This has been with full permission of the owner of the property. Now the owner has placed a gate which prohibits the public from reaching the public stream.
 My question is — Does the property owner have the right after seven years to close the passageway?
The question is whether the public has acquired a prescriptive easement in the passageway to the stream. The time period to acquire this type of prescriptive easement is indeed seven years, (Howard v. State, 47 Ark. 431 (1886)); but additionally, the use of the passageway by the public must be open, adverse, under claim of right, and not merely permissive. As was stated inChapin v. Talbot, 13 Ark. App. 53 (1984):
 [W]hile a way may be acquired by use or prescription by one person over the unenclosed lands of another, mere use of the way for the required time is not, as a general rule, sufficient to give rise to the presumption of a grant. Hence, generally, some circumstance or act, in addition to, or in connection with, the use of the way, tending to indicate that the use of the way was not merely permissive, is required to establish a right by prescription.
13 Ark. App. at 56, citing Craig v. O'Bryan, 227 Ark. 681,301 S.W.2d 18 (1957).
The question of whether a use of a road or passageway is permissive or of that type which will give rise to a prescriptive right is a question of fact. Stone v. Halliburton,244 Ark. 392, 425 S.W.2d 325 (1968). It should be noted that the general rule is that a passageway over unenclosed lands is presumed to be permissive. Rochelle v. Piles, 244 Ark. 606, 427 S.W.2d 10
(1968). Although we cannot decide this issue of fact, it appears from your request that the use of the passageway has been with permission of the owner. If so, this will militate against the finding of a prescriptive right.
Additionally, the court in State v. McIlroy, 268 Ark. 227,595 S.W.2d 659 (1980) noted that "[i]t is not disputed that riparian landowners on a navigable stream have a right to prohibit the public from crossing their property to reach such a stream."268 Ark. at 238. Unless a prescriptive right has been acquired, this right remains inviolate.
Assuming that the public has been using the passageway by permission, and not adversely, it is my opinion that no prescriptive easement has been acquired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb