June Term, 1860.

LEMON v. HAYDEN.

| 13 | 159 |
| 81 | 387 |
| 13 | 159 |
| 103 | 277 |
| 13 | 159 |
| f109 | 616 |

## LEMON vs. HAYDEN.

Trespass *quare clausum*, commenced in 1858. Answer, that the *locus in quo* was a public highway, and that the defendant lawfully entered to remove an obstruction placed therein by the plaintiff. Proof, that it had been used as a highway by the public continuously and uninterruptedly for twenty years before the alleged trespass. Whether sec. 80, chap. 16, R. S., 1849, (sec. 85, chap. 19, R. S., 1858), was applicable to the case, *quære*.

But by the common law, continued and uninterrupted use by the public, of land as a highway for twenty years, with the acquiescence of the owner, is conclusive evidence of its dedication.

The fact that the lands over which the alleged highway ran, were taxed by the city and county in which they are situate, does not authorize the inference that the dedication was not accepted by the public.

APPEAL from the Circuit Court for *Milwaukee* County.

The facts are sufficiently stated in the opinion of the court.

The general charge to the jury by the judge of the circuit court was, in substance, as follows : " There can be no doubt that if the owner of premises dedicates them to the public

use, such dedication, accepted by the public, is binding. A dedication need not be made by deed, but may be made as a fact. Laying premises out as a highway may be a binding dedication. I think it is conceded, upon the testimony, that at the time when the street was laid out, the title was not in Clark or the other persons laying it out, but in the U. S. If, however, a dedication was made before they acquired a fee, a subsequently acquired title would enure to the purposes of the dedication. Dedication is by the party who owns the premises, but having dedicated without title, if he afterwards acquired it, the owner is estopped. If you should come to the conclusion that Clark, Sweet and others ran out the way, and that either of them afterwards acquired title in the premises, it is strong evidence that it is a public highway. The defendant has introduced testimony as to the use by the public for a number of years, and contends that the public have acquired a right by use alone. It is clear, under the authorities, that use for even less than twenty years may, under some circumstances, be evidence of a dedication. But the defendant contends that he has proven a use for more than twenty years, and that such use is, under all circumstances, conclusive in favor of the public. There is, perhaps, some little conflict of authority on this point, but upon the whole, I will charge you, that if you find from the evidence that the premises have been used as a public highway for twenty years, such use is conclusive in favor of the public that it is a highway."

At the request of the plaintiff, the court also charged the jury : " 1. That the right of the defendant, under the proof in this case, to treat the premises as a part of a highway, depends upon his proof of use by the public. 2. That use is sometimes evidence of a grant, and sometimes of a dedication by the owner to the public. 3. That as evidence of dedication to the public, the use must be under circumstances showing not only that the owners assented to the use as a public highway, but also that the public did so in fact treat it. 4. That in order to ascertain the nature of the use, it is necessary to look at all the acts both of the public and of the owners."

The following instructions were asked for by the plaintiff, and refused: "1. That there is no proof in this case showing a legal taking of the premises for the purposes of a highway. 2. That as evidence of a *grant*, the use must be for more than twenty-three years. 3. That highways are not the subjects of taxation in this state, and the act of the city and county in taxing the lots over which it is claimed the highway runs, is inconsistent with their claim that it was a highway. 4. That giving deeds under the corporate seal to individuals on sales for taxes, is evidence against the public that the land deeded does not constitute a highway. 5. That the fact that the quarter section was laid out into lots and blocks, that streets answering all the purposes of the public for a highway, were dedicated to the public, and that the owners have sold according to the plat, is evidence tending to show that the owners did not intend to give the public a right of way over the lots laid out on the plat. 6. That the fact that the public have treated the plat as a valid plat, by taxing the lots and selling them when the taxes were not so paid, and not taxing the streets, is proof of a claim by them that the streets are highways, and that they do not claim the lots as such highways. 7. That when a right of way by all is claimed over an unoccupied and unenclosed quarter section, the fact merely that the public has passed over any part of it at pleasure, (even for 20 years), is not sufficient to show the dedication to the public of a highway, unless it is shown that the use was under claim of right, and that the owners knew of such claim. 8. That no act of dedication, not recorded, of a piece of land, is binding upon or can affect subsequent purchasers not cognizant of the fact. 9. That if both Burnett and Clark have disposed by deed of record, of all their interest in said quarter section, their acts cannot affect purchasers from them, not cognizant of such acts, such acts not being by deed recorded. 10. That the dedication to the public by acts is no stronger than a quit-claim deed; a quit-claim deed does not carry a subsequently acquired title. If at the time of the alleged act of dedication, the parties (making no actual dedication, but merely assenting to the use of property not their own, by the public), had no

title, and as soon as they acquired title, laid it out in a manner inconsistent with a dedication, their first dedication is not binding."

Verdict and judgment for the defendant.

*Brown & Ogden*, for the appellant, contended that the question of dedication is always a question of intention in the owner of the land ; that mere user, unless under circumstances which evince an intention to give, confers no right; that a sign placed near the highway, or a bar placed across it, once in two or three years, although the user may have continued for a hundred years, is conclusive against the public; and that the platting of the quarter section in which the land in controversy lies, by Clark, without any reference to this road, the record of this plat, and the fact that it continued in force, and sales of lots were made from time to time under it, constituted a sufficient evidence that the owners had no intention to dedicate the land to the public. · Woolwich on Ways, 10 ; *Woodyer vs. Hadden*, 5 Taunton, 125 ; *Rex vs. Hudson*, 2 Strange, 909 ; 11 East, 376, and note ; *Roberts vs. Karr*, 1 Campbell, 262, and note ; *Wood vs. Veal*, 5 Barn. & Ald., 454; *Smith vs. Higbee*, 12 Vt., 113 ; *Kilburn vs. Adams*, · 7 Met., 33 ; *Irwin vs. Dixion*, 9 How. (U. S.), 10 ; *Gardiner vs. Tisdale*, 2 Wis., 194, and cases there cited.   2. The fact that the lands occupied by the alleged highway were taxed by the city and county, and were sold for taxes and conveyed to the purchasers under the seals of the city and county, is sufficient evidence that the public did not regard and treat those lands as dedicated for a highway.   *Irwin vs. Dixion, supra.*

*J. La Due*, for respondent, contended that the uninterrupted· use of land as a public highway for twenty years, is conclusive in favor of the public that it is a highway, citing *Pearsall vs. Post*, 20 Wend., 111; *Rex vs. Lloyd*, 1 Campb., 260; *Roberts vs. Karr*, id., 262, note; *Rugby Charity vs. Merryweather*, 11 East, 376, note; *Rex vs. Barr*, 4 Campb., 16 ; *Denning vs. Roome*, 6 Wend., 651, 656, 658 ; *State vs. Marble*, 4 Ire., 318 ; *Smith vs. State*, 3 Zab., (N. J.), 130 ; *Cincinnati vs. White*, 6 Peters, 431 ; *Hobbs vs. Lowell*, 19 Pick., 405 ; *Abbott vs. Mills*, 3 Vt., 521 ; *State vs. Catlin*, id., 530 ; *State*

*vs. Trask*, 6 Vt., 355 ; *New Orleans vs. United States*, 10 Peters, 662 ; *Olcott vs. Banfill*, 4 N. H., 537 ; *Pomeroy vs. Mills*, 3 Vt., 279 ; *Commonwealth vs. Alburger*, 1 Whart., 469 ; 3 Kent's Comm., 451 ; 1 Greenl. Ev., §§ 207, 662 ; *Woodyer vs. Hadden*, 5 Taunt., 126 ; 9 Wend., 128. This rule of the common law is confirmed by statute. R. S. 1849, chap. 16, sec. 80. 2. The acts of the city and county in taxing and selling for taxes the lots over which the highway runs, are no proof that the public did not regard the road as a highway. The fee of the land remained in the appellant, subject only to an easement in favor of the public. *Jackson vs. Hathaway*, 15 Johns., 447. The assessors were bound by oath to take that easement into consideration in assessing the value of the land. Sec. 4, chap. 18, R. S. A grantor is not chargeable with fraud because no mention of such an easement is made in his deed conveying the land. *Whitbeck vs. Cook*, 15 Johns., 483.

*By the Court*, COLE, J. This was an action of trespass for injuries sustained from breaking down the fences and entering upon the close of the appellant. The respondent justified the alleged trespass upon the ground that the *locus in quo* was a public highway, and had been continually, notoriously, and publicly used and occupied as such for more than twenty years prior to the act complained of, and that during all this time it had been worked and kept in repair as a public highway, with the knowledge and consent of the owners of the adjoining land ; and that he, acting as a member of the board of councillors of the city of Milwaukee, entered upon the close and broke down and removed the fence, for the purpose of keeping and preserving the highway in a safe and passable condition for the use of the public, as he might of right do. The appellant introduced evidence to show the time, manner and extent of the alleged trespass, and rested. The respondent then proved, by several witnesses, that the *locus in quo* had been used as a public highway continuously for twenty years or more, and that it was one of the principal roads running west out of the city of Milwaukee. He also offered certain records of surveys, to show that this high-

June Term, 1860.

LEMON v. HAYDEN.

January 2.

way, called the Mukwanago road, had been regularly surveyed and laid out, first as a county road, in 1837, and afterwards as a territorial road, in 1838, by persons duly authorized to lay out such roads; but these records were rejected by the court. It appears that one Norman Clark, in the year 1837, platted the southwest quarter of section thirty-one, into lots, blocks and streets, which was known as Clark's addition to Milwaukee. Clark had aided in laying out the Mukwanago road originally, and while the title to this quarter section was in the United States. This tract was entered in 1835, by Ellsworth Burnett, who died soon after seized of the same, and by various mesne conveyances the title to a portion of this quarter section, embracing the premises in controversy, became vested in Clark, in 1836. It appears that the appellant owns several lots in Clark's addition, near the Mukwanago road, and has had an enclosure there for several years. But the fence which was removed, was placed across this road a short time before it was torn down under the direction of the respondent. On the trial, several exceptions were taken to the admission and exclusion of certain testimony, and likewise to the refusal of the court to give certain instructions, asked on the part of the appellant, as well as to portions of the general charge given the jury. It will probably not be necessary to notice all these exceptions, since, in our judgment, the whole case mainly turns upon the correctness of that portion of the charge in which the court instructed the jury, that if they should find from the evidence, that the premises had been used as a public highway for twenty years, such use is conclusive in favor of the public, that it is a highway. If this be a sound and correct proposition of law, as applicable to the facts of this case, we cannot see why the other matters complained of on the trial —even conceding the ruling of the court upon some of those points to have been erroneous—must not be disregarded as being immaterial and not affecting the result aimed at by the jury.

The principles of law applicable to the dedication or appropriation of land by the owner to any general public use, such as highways, streets and public buildings, are quite fully

examined and discussed in *Gardiner vs. Tisdale et al.*, 2
Wis., 153 ; and *Connihan vs. Ford*, 9 id., 240, and in the
cases there referred to; and therefore it cannot be necessary
to enlarge upon that discussion here. We do not under-
stand that any other or different rule has been established in
this state in regard to the dedication of land to public use,
than obtains in England and in our sister states upon
this subject. It is true Mr. Justice CRAWFORD, in giving the
opinion of the court in *Gardiner vs. Tisdale*, remarks, that in
a new and unsettled country like ours, user of roads and
highways does not furnish as satisfactory evidence of dedi-
cation to the public as it might under other circumstances,
because when lands are unenclosed the public are frequent-
ly permitted to travel over them by the tacit consent of the
owners, without, however, any intention of appropriating
them to public use. We will not deny that cases may arise
where these cautious suggestions would apply with conside-
rable force, and where indeed the evidence of dedication as
derived from the use of the public might be somewhat weak-
ened. But still we think, that this is hardly such a case.
This highway is one of the principal streets leading out from
a large and populous town or city. The *locus in quo* is on an
addition, made by the former owner, to that city. He was
cognizant of the existence of the highway, because he aided
in laying it out, while the title to the quarter section was in the
United States. And this highway has been used continu-
ously, and uninterruptedly, for more than twenty years.
This the testimony conclusively shows. Ought not the use
and enjoyment of the highway by the public for so great a
length of time to be sufficient evidence of dedication ? We
think, in analogy to the statute of limitations, it should be
so held and considered. " An uninterrupted user of land for
twenty years, under a claim of right, as between individuals,
the law presumes to be evidence of a grant; and as between
the owner of the fee and the public, a like uninterrupted use,
for that or even a less period, the law presumes and holds the
evidence of a dedication." *Post vs. Pearsall*, 22 Wend., 425,
450. And the authorities are quite numerous which hold that
a user for twenty years is not requisite to establish a dedica-

tion to the public use of a highway or street, and that six or eight years, under the circumstances of the case, are sufficient for that purpose.   See the cases cited upon this point by Mr. Justice COWEN in *Pearsall vs. Post*, 20 Wend., 111, 116.   In *Regina vs. Petrie*, 30 Eng. Law and Eq. R., 207, it was held that public user of a road for some time is sufficient *prima facie* evidence of a dedication by the owner of the freehold to the public, and that it was not necessary to show by whom the dedication was made.   Chancellor KENT says:   "The true principle on the subject to be deduced from the authorities, I apprehend to be, that if there be no other evidence of a grant or dedication than the presumption arising from the fact of acquiescence on the part of the owner in the free use and enjoyment of the way as a public road, the period of twenty years applicable to incorporeal rights, would be required, as being the usual and analogous period of limitation; but if there be clear, unequivocal and decisive acts of the owner, amounting to an explicit manifestation of his will to make a permanent abandonment of the road, these acts would be sufficient to establish the dedication within any intermediate period."   3 Kent., marg., p. 451.   The particular objection taken to the charge of the court in the present case is, that the jury was instructed, as a matter of law, that if they found from the evidence that the premises had been used as a public highway for twenty years, such use was conclusive in favor of the public, that it is a highway.   But the fact of the acquiescence of the owner in the free use and enjoyment of the way as a public road for the period of twenty years, has been deemed sufficient evidence of the dedication, though there were no further proof of an intention to dedicate.   *Lansing vs. Wisnall*, 5 Denio, 213; *Denning vs. Roome*, 6 Wend., 651; *The State vs. Marble*, 4 Iredell, 318; *State vs. Cardwell*, Busbee (N. C. R.), 245; *Pritchard vs. Atkinson*, 4 N. H., 9.   And in *Smith vs. The State*, 3 Zab. (N. J.), 130, the court held that the use of land by the public as a highway for more than twenty years, and the acquiescence of the owner in such use, is conclusive proof of dedication.   These authorities fully sustain the instruction of the circuit court above cited.   And as before observed, in

analogy to the statute of limitations, we cannot see why the charge of the court did not lay down the sound and correct rule of law applicable to the present case. Our attention has been called to section 80, chapter 16, R. S., 1849, and to the same provision as found in chap. 19, section 85, R. S., 1858, as having a bearing upon this question. The latter clause of that section declares that all public highways in use at the time the revised laws took effect, theretofore laid out and established pursuant to law, and all roads not recorded which had been used as public highways twenty years or more, and all roads not recorded which should thereafter be used ten years or more, should be deemed public highways. According to the views we have expressed, the former part of this clause is merely declaratory of the common law, and therefore this case needs not the aid of this provision, even if by any course of reasoning the statute could be said fairly to apply to it, which we very much doubt.

The counsel for the appellant contended that the dedication, to be good, must be made under circumstances showing not only that the owners assented to the use as a public highway, but also that the public did in fact so treat it; and he argued that the dedication had not been accepted by the public, because the premises had been taxed, &c. But we do not think the fact that the lots over which the highway ran, were taxed by the city and county of Milwaukee, would authorize the inference that the dedication was not accepted by the public, particularly in view of the evidence which shows that the highway had been continuously and publicly used and occupied as a road for more than twenty years. In one of the special instructions given, the court told the jury that in order to ascertain the nature of the use, it was necessary to look at all the acts, both of the public and of the owners, and if it were shown that the owner was not cognizant of the use, and treated the property as being his own, it defeated all claim of dedication. And by another instruction given, the jury were told that as evidence of dedication to the public, the use must be under circumstances showing not only that the owners assented to the use as a public highway, but that the public did in fact so treat it.

June Term,
1860.
───────
State ex rel.
Hubbard
v.
Saxton.
We think these instructions, together with one or two others which were given in connection with the general charge, submitted the law of the case fairly and properly to the jury.

The judgment of the circuit court must, therefore, be affirmed.