STRICKER, Administrator, Respondent, vs. THE TOWN OF
REEDSBURG, Appellant

*November 23, 1898 — January 10, 1899.*

|101 457|
|109 616|

| 101 | 457 |
| 115 | ¹530 |

*Highways by user: Defects outside of traveled track: Evidence: Special*
*verdict: Inconsistency: Correction.*

1. A traveler upon a highway established by user, who voluntarily and
   without necessity drives in a temporary track outside of the high-
   way, and in returning thereto drives over a stump by the side of
   such highway, cannot recover from the town for the injury caused
   thereby.
2. Where the jury have found upon all the issues submitted to them,
   the court is not empowered to call their attention to real or sup-
   posed inconsistencies in their answers, and again send them out
   to change their answers or to make them consistent.
3. The lines of fences along a highway which is such by user only have
   no effect in fixing the limits of such highway, but those limits are
   determined by the limits of the user; and evidence that such fences,
   if extended in a straight line to the place where the plaintiff was
   injured by driving upon a stump, would make such stump in the
   highway, is therefore inadmissible.

APPEAL from a judgment of the circuit court for Sauk
county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries
received by Conradina Stricker in her lifetime in consequence
of being thrown from a wagon on the highway in the de-
fendant town. She obtained a judgment in the circuit
court, but, pending the appeal to this court, she died, and
the plaintiff, being the administrator of the estate, has been
substituted as the plaintiff in this court.

The evidence upon the trial showed that the deceased was
riding with her husband in a lumber wagon on the highway
in the defendant town about two miles northwest of the
city of Reedsburg, somewhere between 5 and 6 o'clock on
the evening of November 6, 1895. The highway where
the accident occurred was unfenced for some distance, and

was a highway by user alone, and the questions chiefly liti-
gated were as to the limits of the highway, and whether a
certain stump, against which the right wheel of the wagon
struck, throwing the plaintiff and her husband out of the
wagon, was an actionable defect in the highway. The road
ran practically north and south, and at the place of the ac-
cident it appeared that there had been for many years a
clear space, twenty-six feet in width, between a certain
clump of trees on the west and the stump in question on
the east, which had been used by the public for more than
twenty years as a road, and that it was smooth and in good
condition, and contained two traveled tracks, one of which
ran within a few inches of the stump. It further appeared
that, at times when the road was wet and muddy, a tempo-
rary track existed east of the stump, caused by travel which
went that way on account of the mud in the ordinary trav-
eled tracks. On the night in question the deceased, with
her husband, left the city of Reedsburg shortly after dark,
the husband driving. They proceeded safely until they
reached the road in question, and the evidence shows that
the husband of the deceased was well acquainted with the
road, and before reaching the stump was driving in the tem-
porary track which then existed to the east of the stump.
Just before reaching the stump, a team driven by another
farmer came up behind them, and the horses driven by the
plaintiff's husband were suddenly turned from the east track
toward the main traveled track between the stump and the
trees. The turn was not made quick enough, however, and
the right forward wheel of the wagon struck the stump
with such force as to break the tongue and wheel, and throw
the deceased and her husband upon the ground. The horses
were an ordinary farm team, and were under control at the
time.

A special verdict was demanded, and ten questions were
submitted to the jury for answering, with instructions allow-

ing them to bring in a sealed verdict. Upon the following morning, upon the assembling of court, the sealed verdict was presented, and was opened by the court and read, whereupon the following proceedings took place: " *Court.* I will have to explain to you, gentlemen of the jury, that your answer to question two, 'Was the highway as established at the place and at the time of the accident a reasonably safe one for a person to travel on while in the exercise of ordinary care?' to which you say, 'Yes;' and your answer to the other question, bearing upon the same subject, number six, 'Was the stump in question an obstruction to the highway as established, so as to make it defective and in want of a proper condition of repair at the place of the accident?' to which your answer is also, 'Yes,'—that those two answers are inconsistent. They bear upon the same subject. In the first question you find that it is a reasonably safe road, and the conclusion from the second finding is that it is not a reasonably safe road; so I shall have to ask you to return and deliberate upon those two questions, and inform the court what your finding really is as to those questions."

The jury again retired, and after a time returned into court, and the following proceedings took place: "*Foreman:* Your honor, we wish to know, as to the question number two, whether that means the general highway along there or that particular place. We thought it meant the general highway. *Court:* I will explain that to you. According to the scope of the question number two, and under the instructions I gave you, that included the question of this stump, with reference to the traveled track and the use of that highway; and, you having found that the stump was an obstruction and made a defective road, that must be considered in the question that you also have to consider in question number two. For that reason, the two answers are in conflict, and it is for you to say which fact you find,— either the one you answer in two or the one you answer in six."

Stricker vs. The Town of Reedsburg.

The jury again retired, and afterward returned into court, and the following proceedings took place: "*Court:* You now report your answer to question number two as follows: 'Was the highway as established at the place and at the time of the accident a reasonably safe one for a person to travel on while in the exercise of ordinary care?' Answer. 'No,'—leaving the answer to question number six as it was. So say you all? *Jury:* 'Yes.'"

The special verdict is as follows: "(1) Was the stump in question within the limits of the highway as established at the place of accident? *Answer.* Yes. (2) Was the highway as established at the place and at the time of the accident a reasonable safe one for persons to travel on while in the exercise of ordinary care? *A.* No. (3) Was there a regularly traveled track northeast of the stump in question, at the time of the accident? *A.* Yes. (4) If your answer is 'Yes' to the last question, then state how long such track had theretofore existed. *A.* From August, 1895, to time of accident. (5) At what distance from the stump in question did the team leave the track it was traveling on? *A.* About fifteen feet. (6) Was the stump in question an obstruction to the highway as established, so as to make it defective and in want of a proper condition of repair at the place of accident? *A.* Yes. (7) If your answer is 'Yes' to the last foregoing question, then was such defect and want of repair the direct cause of the plaintiff's injury? *A.* Yes. (8) Was the plaintiff, or her husband, *William Stricker*, guilty of the want of ordinary care which directly contributed to cause the accident and produce the injury she complains of? *A.* No. (9) If, upon the special verdict, the court determines that the plaintiff is entitled to a judgment in her favor, at what sum do you assess her damages? *A.* One hundred seventy-five dollars and fifty cents ($175.50). (10) Do you find for the plaintiff or for the defendant? *A.* For the plaintiff."

Upon this verdict judgment for the plaintiff was rendered, and the defendant appeals.

*Patrick Daly* and *Herman Grotophorst*, for the appellant.

*James A. Stone*, for the respondent, argued, *inter alia*, that the stump which caused plaintiff's injury, even if not within the limits of the established highway, yet constituted a defect for which the defendant town was liable. *Seymer v. Lake*, 66 Wis. 651; *Hart v. Red Cedar*, 63 id. 634; *Cremer v. Portland*, 36 id. 92; *Chappell v. Oregon*, 36 id. 145; *Hein v. Fairchild*, 87 id. 258; *Rumrill v. Delafield*, 82 id. 184; Dillon, Mun. Corp. 1256; *Hewison v. New Haven*, 34 Conn. 140; Elliott, Roads & S. 445; *Arey v. Newton*, 148 Mass. 598; *Jewhurst v. Syracuse*, 108 N. Y. 303. The court did not abuse its discretion in resubmitting the case to the jury, its verdict being inconsistent. *High v. Johnson*, 28 Wis. 72; *Douglass v. Tousey*, 2 Wend. 352; *Warner v. N. Y. C. R. Co.* 52 N. Y. 437; *Maclin v. Bloom*, 54 Miss. 365; *Loudy v. Clark*, 45 Minn. 477; *Consolidated C. Co. v. Maehl*, 130 Ill. 551; *Olwell v. Milwaukee St. R. Co.* 92 Wis. 330; *Aldrich v. Grand Rapids C. Co.* 61 Minn. 531.

WINSLOW, J. It seems clear to us that this judgment is erroneous and must be reversed for several reasons.

1. There is no question in this case but that there was a highway by user, at the place of the accident, twenty-six feet in width, between the clump of trees on the west and the stump in question on the east. It appeared that this whole twenty-six feet was in good condition for travel at the time of the accident. It further appeared that at times there was a temporary track used east of the stump, but the proof entirely failed to show that this temporary track was ever used long enough or continuously enough to constitute it a part of the highway, and the jury found that this track had only existed a few months at the time of the accident. So the evidence showed, without material contradiction, that the

highway consisted simply of the space between the trees on the west and the stump on the east, and no more, because the principle is familiar that a highway by user alone extends no further than the use which has created it. Thus the stump in question appears affirmatively to have been outside of the limits of the highway proven. It does not necessarily follow that the stump does not constitute an actionable defect because it was outside of the way established by user. If it is so close to the traveled way that a traveler using the traveled way and exercising ordinary care is still liable to suffer injury therefrom, then it will be a defect. *Gorr v. Mittlestaedt*, 96 Wis. 296; *Slivitski v. Wien*, 93 Wis. 460. But it can only be a defect as to one who is lawfully using the prepared way and exercising ordinary care. If one is not using the way, but is voluntarily deviating therefrom upon adjoining lands, and runs into such an obstruction while returning to the way, he cannot recover. That is just what the evidence shows that the intestate's husband was doing in the present case. He had voluntarily driven his team out of the limits of the highway, upon the temporary track to the east, when no necessity existed for such deviation, and when returning to the traveled track of the highway his wagon ran against the stump and the injuries complained of were suffered. In such a case there can be no recovery. *Goeltz v. Ashland*, 75 Wis. 642.

2. The jury first returned a verdict which the court thought to be inconsistent. By their answer to the second question they said that the road was a reasonably safe one, and by their answer to the sixth question they found that the stump made the highway defective. As said in *Blesch v. C. & N. W. R. Co.* 48 Wis. 168: " The power to refer the verdict of a jury back to them for further consideration must have, some limits, and the exercise of this power has always been looked upon with disfavor, except where it is exercised for the purpose of allowing the jury to perfect a verdict which

is imperfect by reason of their omission to make some computation of interest or the amount due on some contract." It is only such a palpable error, mistake, or omission which can be corrected in this way,— something which is plainly a mere clerical or formal mistake. But, where the jury have found upon all issues submitted to them, the court is not empowered to call their attention to real or supposed inconsistencies in their answers, and again send them out to change their answers or to make them consistent. We think the inconsistency here was not so plainly a mistake or misapprehension of the jury as would justify the court in committing the case again to the jury. *State ex rel. White Oak Springs v. Clementson,* 69 Wis. 628.

3. As has been before said, there was only shown a highway by user at the place of the accident, and the limits of a highway by user are determined by the limits of the user. In the present case, testimony was received, against objection, as to the direction of the fences at a considerable distance from the place of the accident, with the purpose of showing that, if such fences were extended in a straight line to the place of the accident, the stump would be in the highway so bounded. This was plainly error, because such fences cut no figure in fixing the limits of a highway which was such simply by user. Elliott, Roads & S. 291.

It does not seem necessary to refer in detail to other assignments of error. It is believed that what has been already said sufficiently indicates the principles of law applicable in the case to guide the trial court upon a new trial.

*By the Court.*— Judgment reversed, and action remanded for a new trial.