City of Chippewa Falls vs. Hopkins.

CITY OF CHIPPEWA FALLS, Respondent, vs. HOPKINS, Appellant.

*February 28 — March 19, 1901.*

*Municipal corporations: Highways: Removal of obstruction: Direction to commence proceedings: User: Discontinuance: Statute declaratory of common law: Effect of repeal: Estoppel: Pleading.*

1. Plaintiff city attempted to lay out an extension of G. street to take the place of an existing highway, but admittedly failed by reason of defects in the proceedings. After said extension had been used for about two years the owner of the land closed it up, and also closed up the old highway, which, however, had never been entirely abandoned by the traveling public. Subsequently the common council directed the city attorney to commence proceedings against said land owner "for the removal of an obstruction placed by him across the extension of G. street." *Held,* a sufficient direction for the commencement of proceedings for the removal of the obstruction from the highway as it existed before the attempted change, although such highway had never been named and its designation as an extension of G. street was not entirely accurate.

2. A well-established principle of the common law is not abrogated by the repeal of a statute merely declaratory thereof.

3. A highway may be established by twenty years' adverse user alone.

4. A highway is not discontinued by the attempted laying out of another to take its place, where the proceedings for laying out the new highway are void and it never became a highway in fact.

5. Where an estoppel is relied upon as a defense it must be pleaded.

APPEAL from a judgment of the circuit court for Chippewa county: JAMES O'NEILL, Judge. *Affirmed.*

This is an action in equity, brought by the city to compel the removal of obstructions from an alleged highway and to enjoin any further obstruction thereof. The defendant in his answer denies the existence of any highway at the place in question. The evidence upon the trial showed that the defendant is the owner of the N. E. ¼ of the S. E. ¼ and the N. W. ¼ of the S. E. ¼ of section 7, and that such land is within the limits of the city of *Chippewa Falls.* The dis-

puted highway runs in a general southwesterly direction through a part of each forty acres. The following map shows the situation, the line marked "Disputed Highway" being the center line of the alleged highway:

The claim of the city was that a highway existed on said line by user only for more than twenty years prior to the year 1895.

The court found as facts that at the time of the commencement of the action a highway existed in the city of *Chippewa Falls*, the center line thereof being the line marked upon the plat as "Disputed Highway;" that said highway had been opened, used, and traveled by the general public con-

City of Chippewa Falls vs. Hopkins.

tinuously for more than twenty years before the summer of
1895, and during all that time had been the main traveled
highway leading from *Chippewa Falls* to the village of
Badger Mills and the city of Eau Claire; that in 1895 cer-
tain officers of the city of *Chippewa Falls* attempted to
change the course of said highway where it crosses the de-
fendant's land, by opening another highway through another
part of said land, but that said new highway was opened
without defendant's consent and without any proceedings to
comply with the law regulating the opening and laying out
of highways; that after the opening of said new road, for
about two years, nearly all the travel was diverted to and
passed over said new road, but that the old highway first
described was never entirely abandoned by the traveling
public, and no proceedings were taken to vacate or discon-
tinue the same; that in the year 1897 the defendant fenced
in and plowed the said new road or highway, and has kept
the same inclosed and plowed ever since, and entirely pre-
vented any use thereof by the public, and denied that the
public had any rights therein; that in the year 1897 the de-
fendant also erected fences across the said old highway, so
as to entirely prevent public travel thereon, and still main-
tains said fences; that the commencement of this action was
duly authorized by the common council of the plaintiff city.

As conclusions of law the court found that the pretended
alteration of said highway in 1895 was illegal and void, and
that the same was never altered, abandoned, or discontin-
ued; that the old highway is still a lawful highway in said
city; that the defendant, by obstructing said new road and
preventing use thereof, is estopped from claiming that the
same constituted a valid alteration of the old highway.
Upon these findings judgment was entered for the plaintiff
according to the prayer of the complaint, and the defendant
appeals.

For the appellant there was a brief by *W. H. Stafford*

and *John P. Wall*, attorneys, and *H. H. Hayden*, of counsel, and oral argument by *Mr. Hayden*.

*W. M. Bowe*, city attorney, for the respondent.

WINSLOW, J.   Many exceptions were taken by the appellant, but there are but four questions which require discussion.

1. Was it shown that the commencement of this action was properly authorized by the common council? The action was commenced by the city attorney, the complaint being verified by the acting mayor. By the charter of the city (ch. 164, Laws of 1885), the general control of city affairs, including removal of obstructions from streets, is vested in the common council by the usual provisions. By sec. 5 of subch. IV of the charter it is provided that "the city attorney shall conduct all the law business of the corporation and of all departments thereof, and all other law business in which the city shall be interested *when so directed* by the common council." Prior to the commencement of this action, on March 8, 1898, the following resolution was passed by the common council: "That the city attorney be, and he is hereby, authorized and directed to commence an action against *Wilson Hopkins* for the removal of an obstruction placed by him across the extension of Greenville street in said city." It is claimed by appellant that the commencement of an action like the present is included under the head of "other business," and hence that it must be directed by the common council; that the alleged highway in question is not in any proper sense an "extension" of Greenville street, but that the highway attempted to be opened by the city in 1895, without compliance with the provisions of law, must be considered as the extension of Greenville street referred to in the resolution.

Conceding for the sake of the argument, but not deciding, that the bringing of the action must first be authorized by

the common council, we think that the resolution of the council, when fairly considered, is sufficient authority. It was amply proven that the proceedings by which the council attempted to lay out the supposed extension westward of Greenville street in 1895 were fatally defective, because there was never any notice given to the landowner of the proposed taking, no establishment of the necessity of condemnation by a jury, and no damages ever awarded or paid, and that the same was permanently closed up by the landowner in 1897. Thus it is evident that this supposed extension of Greenville street did not exist in March, 1898, either *de facto* or *de jure*. Reference to the map shows that any person traveling on Greenville street in a westerly direction might, and probably would, consider the disputed highway as an extension of Greenville street to the west and south. While the highway itself has not been named, and its designation as an extension of Greenville street is not perhaps entirely accurate, there seems no doubt but that the council intended to refer to it in the resolution above quoted. Neither strict nor technical construction should be applied to the terms of such an authority.

2. Are the findings of fact sustained by the evidence? There was considerable evidence both ways upon these questions, especially upon the question as to the amount of travel over the disputed highway, and the question as to whether such travel was confined to a single well-defined track. It would hardly be profitable to review it, and it must be sufficient to say that examination of the proof shows that there was ample evidence to sustain the findings.

3. Has the common-law principle that a highway may be established by twenty years' user been abolished in this state? By sec. 85, ch. 19, R. S. 1858, it was provided that "all roads not recorded which shall have been used as public highways twenty years or more, and roads not recorded which shall hereafter be used ten years or more, shall be

City of Chippewa Falls vs. Hopkins.

deemed public highways." This section was repealed, in the Revised Statutes of 1878, before either the twenty-year period or the ten-year period had elapsed as to the highway in question here, and the following provision took its place (R. S. 1878, sec. 1294): "All roads not recorded which shall have been or shall be used *and worked* as public highways ten years or more shall be deemed public highways." The appellant's contention is that by this latter statute the common-law principle that a highway may be established by twenty years' user alone (if any such principle exists) is abolished in this state, and that since the passage of that statute no highway can be created by user alone, but that working must be combined therewith. With this contention we cannot agree. In *Lemon v. Hayden*, 13 Wis. 159, and in *Wyman v. State*, 13 Wis. 663, it was held in effect that the use of a definite highway by the public for twenty years with the assent of the owner was conclusive evidence of dedication, and in the first case cited it was further said that the first clause of the section quoted from the Statutes of 1858 was simply declaratory of the common law. The principle that twenty years' user alone is sufficient to establish a highway by user is either expressly or impliedly recognized in the following subsequent cases in this court: *Hanson v. Taylor*, 23 Wis. 547 (overruling *State v. Joyce*, 19 Wis. 90); *State v. Castle*, 44 Wis. 670; *Pewaukee v. Savoy*, 103 Wis. 271; *Stricker v. Reedsburg*, 101 Wis. 457.

The proposition that a well-established principle of common law has been abrogated by the repeal of a statute which was simply declaratory of the common law is novel, to say the least, and will not bear examination. If a law should be passed declaring that an assault and battery was a tort and that the injured party should have a cause of action to recover damages therefor, we do not suppose it would be argued that the repeal of the law would put an end to all civil liabilities for assault and battery. By section 13 of article

City of Chippewa Falls vs. Hopkins.

XIV of the constitution of this state such parts of the common law as were in force at the time of the adoption of the constitution continue a part of the law until altered or suspended by the legislature. An act which is simply declaratory of a common-law principle gives no substantial right. How, then, can its repeal take away any substantial right? The question seems to answer itself. An analogous question arose in the case of *Wilson v. Henry*, 40 Wis. 594, where it was argued that the statutory definitions of the conditions necessary to establish adverse possession under paper title excluded all other conditions; but it was held by this court that whatever would constitute adverse possession under paper title outside of the statute (i. e. at common law) still constitutes it, notwithstanding the statutory definitions. We conclude that the repeal of sec. 85, ch. 19, R. S. 1858, and the enactment of sec. 1294, R. S. 1878, did not alter or suspend the common-law rule that a highway may be created by user alone for twenty years, but simply added the requirement of working to make complete the operation of the ten-year statutory user.

4. It is claimed that the old road was discontinued by the laying out and opening of the supposed new highway in 1895, or at least that the city is estopped from now claiming the existence of the old highway. Neither of these claims is tenable. As to the first proposition, it is sufficient to say that the supposed new highway was never a highway in fact, and that to constitute a discontinuance of a highway by the laying of another to accomplish the same purpose, that other must necessarily be laid. This seems self-evident. As to the second proposition, we have found no acts of sufficient significance on the part of the defendant, resulting from the city's action, to justify the application of the principle of estoppel, and furthermore no such defense was pleaded.

*By the Court.*— Judgment affirmed.