MILWAUKEE BOILER COMPANY, Respondent, vs. WADHAMS
OIL & GREASE COMPANY, Appellant.

*October 5—October 24, 1905.*

*Location of streets and alleys: Evidence: Prescription: Obstructions:
Injunction to abate nuisance.*

1. Where no monuments set by the original surveyor have ever been
found, and it does not appear that stakes or ancient fences or
other structures have ever been located according to original
monuments, only slight weight can be given to the location of
any structures as evidence of the true lines of streets, alleys,.
blocks, or lots.

2. Resurveys are not of convincing weight in such a case, since they
are necessarily made without any original monuments or other
positive evidence of the true lines.

3. There was no positive evidence of the actual location of an alley
shown on a plat at the time of the original survey in 1846, but
it appeared that in 1874 the city located, laid out, and improved
the alley, and that it was thereafter used as a public highway
by the city and the public and its location recognized as the
true location by the owners of the land abutting on one side;
that after 1885 the persons in possession of the lands on both
sides recognized and used it; and that such location was consist-
ent with the location of a connecting street shown on the plat
and with the actual use thereof and establishment of lot lines.
thereon by abutting owners. *Held,* that the alley as so located
was established by prescription.

4. Where obstructions in a public alley constitute a public nuisance
and materially interfere with its use by an abutting lotowner
in carrying on any business to which his land may be devoted,
such owner suffers special damage and is entitled to an injunc-
tion for the abatement of the nuisance.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action brought by plaintiff to compel defendant to remove
obstructions from, and to restrain it from obstructing, an al-
leged alley adjacent to its property, lying in a subdivision of
lots 3 and 5 of section 33, township 7 N., of range 22 E.,
being a part of the Fifth ward of the city of Milwaukee, ac-

cording to the plat of L. W. Weeks, recorded in the register of deeds' office for Milwaukee county in July, 1846.

It appears that plaintiff is the owner of lot 1 and other lots in block 70, and that the defendant is the owner of lot 7 of block 69 of this subdivision. It is undisputed that an alley twenty feet in width was platted between lot 1, block 70, and lot 7, block 69, extending eastward from the street on the west of these lots to the Milwaukee river, which bounds these lots on the east. On the west of these lots a street was platted, running north and south and connected with the alley. As to original monuments of the survey, the proof is that none have been found showing the location of the lots in blocks 69 and 70, of the alley in question, or of the street immediately in front of these blocks. The street line of block 69 makes an angle at some point on lot 5, but no definite monument has been found locating this point as surveyed and platted on this subdivision.ᐧ The width of the street, as platted in front of the blocks in question, has also been uncertain, for want of any original monuments showing its boundary.

The court found that plaintiff owned lots 1, 2, 3, 4, 5, and 6 in block 70, and that defendant owned lot 7 in block 69; that an alley was platted between these two blocks, twenty feet in width, and extending eastward from the street on the west of these blocks to the Milwaukee river; that the land covered by these blocks, street, and alley were included in the plat of L. W. Weeks, whereby he platted lots 3 and 5 in the town and range above mentioned; that the street in front of blocks 69 and 70, running north and south, was laid out and platted as an eighty-foot wide street, and that it was so used and occupied as a street; that the north line of the alley between blocks 69 and 70, at its intersection with the street in front of these blocks, is at a point 381.15 feet south of the north line of the street on the plat, named Elizabeth street, but spoken of as National avenue, and that this north line of the alley extends

eastward from this point, at right angles with the street line, to the Milwaukee river; that the south line of the alley lies twenty feet south of the north line and is parallel thereto; that the city of Milwaukee thus located this alley in 1874 and constructed a sewer or drain on the alley so located at that time, and has occupied it with such sewer as and for an alley ever since; that the public has used the strip so located as an alley by the city as and for a public alley since 1874; that plaintiff and its grantors and the defendant's grantors so used it in connection with the use and occupation of the abutting lots; that the street in front of plaintiff's and defendant's property was actually located, used, and occupied by the city of Milwaukee and by the public as and for a street eighty feet in width, and that the lots in block 69 and 70 abutting on this street were occupied and used with reference to said street as an eighty-foot wide street; and that defendant for several years prior to the time of the commencement of this action obstructed this alley by maintaining fences thereon, so as to inclose it with its lot 7 in block 69, and appropriated it to its own use, to the exclusion of plaintiff and the public. Plaintiff's property, consisting of lot 1 and adjoining lots in block 70, is valuable as dock property abutting on the Milwaukee river, and the unobstructed use of the alley is necessary to the enjoyment of its property. Plaintiff's property is specially damaged by defendant's obstruction of the alley, and, if this obstruction of the alley is continued, it will cause plaintiff irreparable injury.

Upon the above findings the court declared defendant's obstruction of the alley a public nuisance and a special injury to plaintiff, and awarded judgment for the abatement of the obstruction and the restoration of the alley to its original condition as a public alley, with nominal damages, and that defendant be perpetually enjoined from further obstructing the alley. This is an appeal from such judgment.

*J. W. Bass,* for the appellant.

*Edgar L. Wood,* for the respondent.

SIEBECKER, J.   It is contended by the appellant that the clear preponderance of the evidence shows that the alley, as located by the original survey laying out this subdivision of the city of Milwaukee, was 22.47 feet farther south than the court located it upon the trial of this case.   In support of this contention reliance is mainly placed upon a resurvey of the ground platted by the witness Reinertsen, the map of the original survey recorded in the register of deeds' office, and the occupation of some of the adjoining property and street in this subdivision.   It is an undisputed fact that no monuments set by the original surveyor have ever been found, nor does it appear that stakes or ancient fences or other structures have ever been located according to original monuments.   In this state of the proof but slight weight can be given to the location of any structures as evidence of the true lines of streets, alleys, blocks, or lots.   Nor are the resurveys of convincing weight, in view of the fact that they were necessarily made without any original monuments or other positive evidence of the true lines.   It is true the surveyors called as witnesses in the case gave the result of the surveys made by them, showing the location of the lot, block, and street lines of the ground platted.   The unreliability of this evidence is manifest by the wide divergence in the results of their efforts to locate the original lines of the property involved in this controversy and the admitted fact that the boundaries of the lots and blocks thus made do not correspond with the street and lot lines as located on the recorded plat of the original survey.   It is apparent that, if the courses and distances as given on the recorded map of the original survey are followed, it will be impossible to locate a street eighty feet wide in front of blocks 69 and 70 and to locate the block and lot lines as indicated on the plats within the limits of the ground actually occupied.

The court found that an alley had been laid out and platted by the plat of L. W. Weeks in 1846, and that an alley as now located "had been actually located, laid out, and improved by the city of Milwaukee and used as an alley by the city" and

by the public, as a public highway, since the year 1874, and that this has been recognized as its actual location by plaintiff and its grantors as owners of the lot abutting on the south. This finding of fact is abundantly sustained by the evidence, showing the city's occupation of it from that time by the placing of a large drain or sewer in the twenty-foot strip located by it as the platted alley running eastward, from the street on the west of the blocks in question, to the Milwaukee river, and by the use of this strip by the public in passing from the street to the river.   It also appears that the persons in possession of the lots bordering on both sides of this strip, so taken by the city as an alley, have recognized and used it in connection with their possession and occupation of the adjoining lots since about the year 1885.   To the same effect is the further finding that the street in front of the blocks in question has been actually occupied and improved by the city and used by the public as an eighty-foot wide street, and that the abutting lotowners have established their lines in harmony therewith.   In view of these facts there is slight, if any, room for controversy upon the question of the actual location of the alley since 1874.   These acts of the public, the city, and the adjoining landowners clearly establish an alley by prescription at the place it is found to exist by the court on this trial. *Chippewa Falls v. Hopkins,* 109 Wis. 611, 615, 85 N. W. 553; *Lemon v. Hayden,* 13 Wis. 159; *Wyman v. State,* 13 Wis. 663; *Hanson v. Taylor,* 23 Wis. 547; *Stricker v. Reedsburg,* 101 Wis. 457, 77 N. W. 897; *Bartlett v. Beardmore,* 77 Wis. 356, 46 N. W. 494.

It is clear that the obstructions, as found by the court, are a public nuisance which will interfere with the use of the alley by the public, and if continued they will materially interfere with the plaintiff's use of the alley, as an abutting lotowner, in carrying on any business to which the premises may be devoted.   Such an injury to plaintiff's right has been held to constitute a special damage and to entitle him to the

remedy by injunction for the abatement of the nuisance. *Pettibone v. Hamilton,* 40 Wis. 402; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969; *Krueger v. Wis. Tel. Co.* 106 Wis. 96, 81 N. W. 1041; *Williams v. Smith,* 22 Wis. 594.

Objection is made to the judgment entered, upon the ground that it not only enjoins defendant from obstructing the strip used as an alley, but that it also enjoins defendant from main-taining a fence as a trespass on plaintiff's lot 1. The lan-guage employed in the judgment, stating plaintiff's measure of relief, is somewhat indefinite, and in itself does not indi-cate with exactness the relief awarded; but, when applied to the issues presented by the pleadings and actually litigated upon the trial, it is apparent that the only relief the decree awards is an abatement of the nuisance in the alley and the removal of the structures placed thereon by the defendant, which constitute the nuisance. We think this a proper inter-pretation of the language employed, and the decree should be so understood.

*By the Court.*—Judgment affirmed.